J-S95045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| KENYATTA JAVON HUGHSTON, | : | |
| | : | |
| Appellant | : | No. 2564 EDA 2016 |

Appeal from the PCRA Order August 1, 2016
in the Court of Common Pleas of Delaware County,
Criminal Division, No(s): CP-23-CR-0000897-2008

BEFORE:  STABILE, MOULTON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED MARCH 29, 2017**

Kenyatta Javon Hughston ("Hughston"), *pro se*, appeals from the Order dismissing his fifth Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On March 6, 2009, following a jury trial, Hughston was convicted of two counts of robbery, and one count each of criminal conspiracy, forgery, and possession of an instrument of crime.  On June 15, 2009, the trial court imposed an aggregate prison term of 132 to 300 months.  Hughston did not file a direct appeal.  Hughston subsequently filed four PCRA Petitions, all of which were dismissed.  This Court affirmed each dismissal.

On June 13, 2016, Hughston, *pro se*, filed the instant PCRA Petition, his fifth.  The PCRA Court issued a Pa.R.Crim.P. 907 Notice, and Hughston filed a Response.  Thereafter, the PCRA Court dismissed the Petition. Hughston filed a timely Notice of Appeal.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the at the PCRA level. The review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

**Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Initially, under the PCRA, any PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." **Id.** § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **See Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Hughston's sentence became final on July 15, 2009, after the time to seek review with this Court had expired. **See** Pa.R.A.P. 903(a). A timely PCRA petition had to be filed by July 15, 2010. Hughston filed his Petition on June 13, 2016; thus, it was untimely on its face.

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any petition invoking one of these

exceptions, "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2); *Albrecht*, 992 A.2d at 1094.

Here, Hughston invokes the newly-recognized constitutional right exception, and argues that *United States v. Johnson*, 135 S. Ct. 2551 (2015), renders his sentence under 42 Pa.C.S.A. § 9714 illegal. In *Johnson*, the United States Supreme Court declared that the residual clause of the Armed Career Criminal Act violated due process rights by being unconstitutionally vague on defining "violent felony." *Johnson*, 135 S. Ct. at 2563.

Here, Hughston filed his Petition on June 13, 2016, almost a year after the Supreme Court's June 26, 2015 *Johnson* decision. Thus, Hughston did not properly file the Petition within 60 days of the date on which the Supreme Court issued the *Johnson* decision. *See Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa. Super. 2013) (stating that a petitioner invoking the newly recognized constitutional right exception must file their petition within sixty days of the date of the court's decision).

Further, Hughston does not demonstrate that *Johnson* renders the mandatory sentence codified at 42 Pa.C.S.A. § 9714 unconstitutional, or that *Johnson* applies retroactively.

Moreover, Hughston's ineffective assistance of counsel claims do not not invoke a valid exception to the PCRA's timeliness requirement. *See*

***Commonwealth v. Pursell***, 749 A.2d 911, 916 (Pa. 2000); ***see also***

***Commonwealth v. Wharton***, 886 A.2d 1120, 1127 (Pa. 2005).[1]

Finally, Hughston claims that he was never convicted of aggravated assault, a prior conviction used to impose the mandatory minimum under section 9714. However, Hughston previously litigated this claim in his fourth PCRA Petition. ***See Commonwealth v. Hughston***, 122 A.3d 447 (Pa. Super. 2015) (unpublished memorandum at 9 n. 8). Thus, Hughston is not entitled to relief. ***See*** 42 Pa.C.S.A. § 9543(a); ***id.*** § 9544(a).

Based upon the foregoing, Hughston has failed to plead and prove any exception under section 9545(b)(1) to overcome the untimeliness of his Petition.[2]

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/2017

---

[1] Hughston's reliance upon ***Lafler v. Cooper***, 132 S. Ct. 1376 (2012), and ***Missouri v. Frye***, 132 S. Ct. 1399 (2012), is misplaced. This Court has previously concluded that neither case created a new constitutional right that would invoke a time-bar exception. ***See Commonwealth v. Feliciano***, 69 A.3d 1270, 1276-77 (Pa. Super. 2013).

[2] The PCRA court did not err in dismissing the Petition without a hearing, as Hughston filed an untimely PCRA Petition and did not invoke any valid exceptions to the timeliness requirement. ***See Commonwealth v. Garcia***, 23 A. 3d 1059, 1066 n.9 (Pa. Super. 2011).